**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHANNA CAPPOLA,<br><br>                              Plaintiff,<br><br>     -against-<br><br>TARGET CORPORATION AND TARGET STORES,<br><br>                              Defendants. | Docket No.: 22 CV 8133<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND** <u>**PROTECTIVE ORDER**</u> |

**WHEREAS**, the parties may seek discovery of confidential and proprietary documents and information from each other; and

**WHEREAS**, the parties require protection against the unrestricted disclosure and use of such Confidential Information;

**THEREFORE**, it is agreed that:

1.      This Confidentiality Agreement shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, deposition testimony, and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by Target, Plaintiff, or any third-party.

2.      A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the

word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony.

3.      Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

4.      All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s) or any other litigation. Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Target, whether for the purposes of this litigation or otherwise.

5.      Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement.

6.      All depositions, pleadings and reports in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Agreement. Should a party use any Confidential Information in any

pleading filed with the Court, that party shall, at the time of filing, request that the Court impound the specific portion of the pleading containing the Confidential Information.

7.     Upon final termination of this litigation, each person subject to this Confidentiality Agreement shall return all Confidential Information to counsel for the opposing party, or destroy all Confidential Information, within thirty (30) days after the final disposition of this matter and provide written confirmation to the designating party. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8.     The disclosure of any Confidential Information by the parties shall not serve to waive any of the protections provided by this Confidentiality Agreement with respect to any other Confidential Information.

9.     No person who has received Confidential Information shall seek to vacate or otherwise modify this agreement without written agreement signed by counsel for both parties.

10.    Nothing in this Confidentiality Agreement shall restrict either party's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the applicable law, or to seek an agreement preventing disclosure or limiting the discovery of Confidential Information, or to seek an agreement preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Confidentiality Agreement. The parties shall take reasonable steps necessary to have the Court enter an order consistent with the terms of this Confidentiality Agreement.

**SO STIPULATED AND AGREED.**

JONATHAN DAGOSTINO &
ASSOCIATES

By: _____
     Dated: 12/9/22

**JACLYN HOWE, ESQ.**
*Attorneys for Plaintiff*
**JOHANNA CAPPOLA**
3309 Richmond Avenue
Staten Island, NY 10312
(719) 967-1600

CONNELL FOLEY LLP

By: _____
     Dated: 12/9/22

**MICHAEL J. CROWLEY, ESQ.**
**MICHAEL BOJBASA, ESQ.**
*Attorneys for Defendant*
**TARGET CORPORATION**
**i/a/s/h/a TARGET STORES**
875 Third Avenue, 21st Floor
New York, New York 10022
(212) 307-3700

This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.

Dated:     December 9, 2022
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE